

1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEREMY ALLEN CROZIER,<br>  #77906 | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00328-RCJ-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JAMES GIBBONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

This is a prisoner civil rights action. The court dismissed plaintiff's complaint with leave to file an amended complaint (docket #3). The court now reviews the amended complaint (docket #9).

## I. Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may.

1  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

2  where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a

3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

4  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

5         Dismissal of a complaint for failure to state a claim upon which relief may be granted is

6  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

7  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under

8  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,

9  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the

10  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

11  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

12  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

13  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard,

14  the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

15  *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

16  plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

17         Allegations in a *pro se* complaint are held to less stringent standards than formal

18  pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

19  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

20  Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

21  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

22  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

23  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

24  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

25  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate

26  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

1    judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2    When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

3    complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

4    that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106

5    (9th Cir. 1995).

6         To sustain an action under section 1983, a plaintiff must show (1) that the conduct

7    complained of was committed by a person acting under color of state law; and (2) that the conduct

8    deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676,

9    689 (9th Cir. 2006).

10 **II. Instant Complaint**

11         In his amended complaint, plaintiff, who is incarcerated at Ely State Prison ("ESP"), has

12    sued the Nevada Legislature, the following Nevada officials:  governor James Gibbons, Attorney

13    General Catherine Cortez-Masto, Secretary of State Ross Miller–all Board of Prison Commissioners,

14    and Nevada Department of Corrections ("NDOC") Director Howard Skolnik.

15         Plaintiff again attempts to style his complaint as a class action, and now alleges that all

16    defendants, by enacting and enforcing Nevada Revised Statute ("NRS") 209.241, have violated his Fifth

17    and Fourteenth Amendment rights.  NRS 209.241 governs prisoners accounts, including interest earned

18    on these accounts, and was amended in 2007 in response to the decision of the U.S. Court of Appeals

19    for the Ninth Circuit in *McIntyre v. Bayer*.  339 F.3d 1097 (9th Cir. 2003).  Plaintiff claims that

20    defendants are "deliberately indifferent" to the *McIntyre* decision and in 2009 and 2010 "unlawfully took

21    [plaintiff's] and all other Nevada prisoner's interest on their prison accounts and used it for the benefit

22    of all prisoners and Nevada citizenry . . . ."  As discussed below, plaintiff's amended complaint is

23    dismissed for failure to state a claim for which relief may be granted.

24         First, the "deliberate indifference" standard applies to instances in which defendants act

25    with deliberate indifference to a serious threat to inmates' health or safety in violation of the Eighth

26    Amendment.  "Deliberate indifference" has no applicability to an allegation that the prison account

1  system works an unconstitutional "taking" with respect to the interest on such accounts.  As the court

2  stated in its review of plaintiff's original complaint, the Fifth Amendment provides that "private property

3  [shall not] be taken for public use without just compensation." U.S. Const. Amend. V.  In order to state

4  a claim under the Takings Clause, a plaintiff must first establish that he possesses a constitutionally

5  protected property interest. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984); *McIntyre*

6  *v. Bayer*, 339 F.3d 1097, 1099 (9th Cir. 2003).

7          Further, as plaintiff was also advised when the court dismissed his original complaint

8  with leave to amend, while *pro se* litigants have the right to plead and conduct their own cases

9  personally, *see* 28 U.S.C. § 1654, *pro se* litigants have no authority to represent anyone other than

10  themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust*

11  *v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  However, plaintiff has not set forth facts to show

12  that he, individually, has suffered any injury.  Not only has the court granted plaintiff *in forma pauperis*

13  status in this case and has not required him to pay an initial filing fee because his inmate account lacked

14  sufficient funds, but the court takes judicial notice of another case: *Crozier v. Masto, et al.*, 3:10-cv-

15  00371-HDM-RAM, in which plaintiff filed a motion for relief from paying an installment of the filing

16  fee in the amount of $15.08 because he had a balance in his inmate account of only $.37.  Accordingly,

17  it is not possible for plaintiff to demonstrate an injury – that is, that his account even arguably would

18  have any interest, minus his share of the cost of administering the Prisoners Personal Property Fund, to

19  which he was entitled.  Plaintiff has not alleged any deprivation of his constitutional rights, and

20  therefore, his amended complaint must be dismissed.  Plaintiff will not be granted further leave to

21  amend, as it is clear that such amendment would be futile.

22  **III. Conclusion**

23          **IT IS THEREFORE ORDERED** that plaintiff's first amended complaint (docket #9)

24  is **DISMISSED** with prejudice and without leave to amend for failure to state a claim for which relief

25  may be granted.

26          **IT IS FURTHER ORDERED** that plaintiff's motion for stay on proceedings pending

4

Ninth Circuit Court of Appeals Decision (docket #7) is **DENIED** as moot.

        **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 29th day of November , 2010.

                                                    UNITED STATES DISTRICT JUDGE

5